Elizabeth D. WENDER, Plaintiff,

v.

LAWRENCE BROOK VILLAGE, Inc., Milton E. Zerman and Joseph Einhorn, Defendants.

Civ. A. No. 842–56.

United States District Court
D. New Jersey.
June 28, 1957.

Barnett Berr, Passaic, N. J., for Milton E. Zerman and Lawrence Brook Village, Inc., for the motion.

Jack L. Cohen, Newark, N. J., for Joseph Einhorn, contra.

WORTENDYKE, District Judge.

The defendants, Lawrence Brook Village, Inc. and Milton E. Zerman, have recovered judgment against the defendant Joseph Einhorn, upon a cross-claim alleging damages resulting from charged fraudulent misrepresentation as an inducement to the making and endorsement of a promissory note payable to the codefendant. The amount found by the jury was $25,942.69, representing the face amount of the note and protest fees and interest thereon. This finding was returned upon special written interrogatories under Fed.Rules Civ.Proc. Rule 49(a), 28 U.S.C., which submitted specific issues of fact to the jury. These interrogatories were approved by counsel for all of the parties. The special findings of the jury were invoked for the purpose of determining whether or not the damages sustained resulted from fraud.

The jury found that the note was given for use in connection with the possible purchase of certain real estate; that the payee represented to the makers that the former would use the note as evidence of financial responsibility or as a down payment for the purchase of the real estate; that the payee, in making that representation to the makers intended that the latter should rely thereon; and that the makers relied upon said representation to their damage in the amount stated. However, the jury also found that when the payee made the representation aforesaid he did not then know that he would not or did not intend in fact to apply the note or its proceeds to the purchase of the stated real estate.

The defendant-makers have moved the Court "for the correction of and modification of the judgment" so as to constitute the same "a judgment in fraud." Movants contend that the evidence conclusively showed that the damages sustained by them as makers of the note resulted from fraud and deceit on the part of the payee thereof, and movants would have the Court "mold" the judgment to be entered to a form indicative of fraud as the basis thereof.

No judgment has as yet been entered upon the issues between movants and respondent. Therefore, the instant motion is incorrectly directed to a judgment. The motion was treated upon the oral argument as addressed to the special written findings of the jury, and it will be so treated by the Court.

The cross-claim of the makers of the note against the payee charges that the inducement for the making and delivery of the note was the false and fraudulent representations by the payee that he could purchase the real estate hereinabove referred to at a cost not to exceed $2,500 an acre, and that, if the makers would execute and deliver a promissory note in the sum of $25,000 payable to his (the payee's) order, to

enable him to satisfy the representatives of the owner of the real estate of his financial competence, he would negotiate the note to the property owners as a deposit on a contract for the purchase of the land, or, if the property owner so insisted, he, the payee, would, but only with the consent of the makers, discount the note and apply the cash as a deposit on account of the purchase. Although the cross-claim alleges the foregoing misrepresentations as to the price per acre for which the real estate could be purchased and the use to which the payee of the note intended to devote it or its proceeds, the allegations of damage causation relate the damages (1) to the payee's negotiation of the note to the plaintiff Wender (who was not the property owner) without the consent or permission of the defendant makers "and in direct contravention and violation of the conditions under which the said promissory note was delivered" by the makers to the payee, (2) to the action of the payee in pocketing the proceeds received by him from the plaintiff Wender, and (3) to the failure to apply said proceeds or any part thereof to the purchase of the real estate or any portion of the same. The evidence in the case conclusively indicated that the payee did not live up to his alleged undertakings but, on the contrary, discounted the note without the consent of the makers, and diverted the proceeds to his own purposes, which did not include their application to the purchase of the property.

The ultimate holder of the note in due course recovered a judgment thereon against the makers and prior endorsers, and certain moneys were paid by the makers to the holder on account of that judgment, under a stipulation.

Although by its negative answer to interrogatory numbered 4, the jury found that the payee at the time he received the note had no then present intention to apply it or its proceeds to any purpose other than the purchase of the real estate, counsel for movants urges that the Court should have submitted to the jury an interrogatory upon the issue whether the payee fraudulently misrepresented that the real estate was available for purchase at the rate of $2,500 an acre and thereby induced the making and delivery of the note. In the absence of such an interrogatory counsel for movants refers to the provisions of Rule 49(a) of the Federal Rules of Civil Procedure which permits the Court to require the jury to return only a special verdict in the form of a special written finding upon each issue of fact; and the Rule in that regard further provides, in part, as follows:

"If in so doing the court omits any issue of fact raised by the pleadings or by the evidence, each party waives his right to a trial by jury of the issue so omitted unless before the jury retires he demands its submission to the jury. As to an issue omitted without such demand the court may make a finding; or, if it fails to do so, it shall be deemed to have made a finding in accord with the judgment on the special verdict."

It is conceded that the interrogatories which were submitted to the jury were first submitted to counsel in the case for their approval and that such approval was given. Counsel for movants now asks the Court on the present motion to make a special finding on the claimed fraudulent misrepresentation respecting the price per acre at which the real estate referred to could be purchased,—pointing out, as is the fact, that to Einhorn's knowledge a higher price per acre was being asked by the property owner prior to the making and delivery of the note, and the property could not, also to his knowledge, be purchased for $2,500 an acre at the time he requested the note. Assuming that the Court is now called upon to make such a finding by the above quoted language of Rule 49(a), the Court finds the evidence insufficient to support a conclusion that the movants were induced to make and deliver the note to the respondent by a representation that the real estate referred to could be purchased at $2,500

an acre. This finding and this conclusion is made and arrived at upon the assumption that respondent to the present motion knew, when he asked movants to make and deliver the note to him, that the property could not be purchased for that price per acre.

The present motion must, therefore, be denied. The jury found that the payee of the note, when he made the representations to the makers, did not know that he would not or did not intend in fact to apply the note or its proceeds in accordance with his promises. This absence of a presently existing intent not to perform the undertakings which the payee made as an inducement to the makers to execute and deliver the note, eliminates one of the essential elements necessary to constitute legal fraud. Keeler v. Fred T. Ley & Co., 1 Cir. 1933, 65 F.2d 499, and authorities cited therein. I find no basis in the evidence to justify a new trial under Rule 59(a). Neither may the present motion be treated as one for judgment notwithstanding the verdict, for the reason that I cannot say that the jury's finding respecting the absence of a present intent to defraud was so at variance with the evidence as to require a new trial upon the issue.

I conclude as a matter of law that the jury found as a fact that one of the elements essential for the existence of fraud as an inducement to the making and delivery of the note was not present, and therefore that the present verdict is not supportable under the theory of fraud, but is amply supported by the proofs of a breach by the payee of the note of his agreement with the makers thereof respecting the use and application of the note or its proceeds.

The motion is accordingly denied and judgment will be entered in favor of Lawrence Brook Village, Inc. and Milton E. Zerman against Joseph Einhorn for $25,942.69, together with costs. An appropriate order may be presented in accordance with the views herein expressed.